## First National Bank of Herrin, Illinois, Appellee, v. Anna Sobosky, Appellant.

1. Injunction, § 385*—*when discretion as to allowance of temporary injunction reviewable.* Though the matter of granting or refusing a temporary injunction is largely a matter of discretion, a court of review may be called upon to determine whether the trial court's discretion was properly exercised.

2. Witnesses, § 31*—*competency of husband or wife in equity.* The competency of a husband or wife to testify for or against each other is the same in a court of law as in a court of equity.

3. Equity, § 340*—*when bill should be dismissed for want of jurisdiction.* Where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief which cannot be granted for want of sufficient allegations or proof or for other reasons, the court is without jurisdiction to proceed further and should dismiss the bill without prejudice.

4. Fraud, § 38*—*when not ground for equitable relief.* It does not necessarily follow that because there are allegations of acts of fraud that chancery should take jurisdiction, for under the law fraud avoids a contract *ab initio* both in law and equity.

5. Injunction, § 189*—*grounds for equitable relief.* A bill to enjoin an action on a certificate of deposit *held* not to show ground for equitable relief for the reason that an injunction would prevent an assignment of the certificate, where it appears that the certificate was past due and suit at law was brought thereon so that any assignee would take with notice of the equities and defenses.

Appeal from the Circuit Court of Williamson county; the Hon. W. W. Clemens, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed May 1, 1914.

Sawyer & Otey and Denison & Spiller, for appellant.

W. A. Schwartz, Hosea V. Ferrell and William H. Warder, for appellee.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HARRIS delivered the opinion of the court.

This is an appeal from an interlocutory decree granting an injunction in favor of appellee against appellant, restraining her from prosecuting a certain action at law pending in the Circuit Court of Williamson county, Illinois, against appellee on certain certificates of deposit claimed to have been issued by appellee to appellant.

The hearing in the Circuit Court was had upon the presentation of a verified bill and notice to Anna Sobosky that application for preliminary injunction would be made to the presiding judge of the Circuit Court and the order or decree of the Circuit Court granting said preliminary injunction on the 3rd day of November, 1913, one of the regular judicial days of the September term, A. D. 1913, of the Circuit Court of Williamson county.

The bill presented by the appellee in substance alleges as follows: That the appellee is engaged in and doing a general banking business in the said city of Herrin, Illinois, and that appellant and her husband, Walter Sobosky, were residents of Herrin, and living together as husband and wife; that beginning in the year 1908 and continuing to the year 1913 they did a banking business with appellee; that one of the certificates upon which suit was brought, being No. 4755 bearing date January 11, 1911, is for $7,000, and the other of said certificates, being No. 7019, dated August 12, 1912, is for $625, both of said certificates payable to Anna Sobosky. The bill admits that appellee is justly indebted to appellant on the certificate for $625, and makes tender of the amount due thereon and the costs of suit. It is charged in said bill that the money represented by said certificate for $7,000 was the money and property of Walter Sobosky, and that the said certificate was never delivered nor intended to be delivered by the said Walter Sobosky to appellant;

that the said Walter Sobosky placed said certificate among his papers and documents for safe-keeping and that on or about the 20th day of April, 1911, appellant, Anna Sobosky, without the knowledge or consent of Walter Sobosky removed said certificate of deposit from its place of keeping and placed the same with the Mercantile Trust Company of St. Louis, in a safety deposit box, all without the knowledge or consent of the said Walter Sobosky; that about April 20, 1911, the said Walter Sobosky came to the bank of appellee and represented that the said certificate for $7,000 had been lost and requested a duplicate thereof to be issued, which was issued; that thereafter appellee paid said duplicate certificate of deposit to said Walter Sobosky, and that thereafter, towit, on March 21, 1913, the said Anna Sobosky brought suit in the Circuit Court of Williamson county, on the law side thereof, against appellee upon said original certificate for $7,000 and the one for $625.

And it is further charged that appellee has paid Walter Sobosky, the legal and lawful owner of said certificate of deposit for $7,000 all that is due thereon, and that by reason of the strict and harsh rules of courts of law it would not be competent or proper for it; the defendant in said suit to prove the facts set forth in said bill in a court of law; that during all the transactions mentioned in said bill until July, 1913, appellant and the said Walter Sobosky were husband and wife; that appellee has no other means of evidence with which to prove that the certificate of deposit for $7,000 was the money of Walter Sobosky and that Anna Sobosky had no interest therein; and that the said certificate was never delivered to her by the said Walter Sobosky or any person for him, and that the said Anna Sobosky fraudulently and wilfully, without knowledge or consent of said Walter Sobosky, took the same and that appellee did not know where the certificate for $7,000 was except by the testimony of said Walter Sobosky; and that by reason of the strict and harsh rules of law,

Walter Sobosky is not a competent witness in the aforesaid suit at law and these matters can only be testified to by him in a court of equity.

The bill further charges that said Walter Sobosky is insolvent, has no effects to any appreciable extent, and unless Anna Sobosky is enjoined from further prosecuting the said suit at law and appellee is permitted to introduce the testimony of said Walter Sobosky, that a fraud will be perpetrated upon appellee and that appellee will be compelled to pay a large sum of money, which in equity and justice it does not owe; that appellee is without remedy, except in a court of equity, and cannot make its defense in a suit at law on account of the strict and harsh rules of said court.

The bill prays that an immediate injunction should be granted restraining Anna Sobosky from prosecuting said suit at law and from transferring the said certificate of deposit, and that upon a final hearing said injunction should be made permanent, and that the said Anna Sobosky should be required to deliver up said certificate for cancellation.

The bill contains all the facts upon which the court granted the temporary injunction in this case, and while a matter of application and the order granting or refusing of a temporary injunction is largely a matter of discretion, it is such a matter of discretion as under our statute may be appealed from to a court of review and that court called upon to determine whether or not the discretion of the trial court has been properly exercised.

The relief asked in this case, the enjoining of a suit at law and finally a decree cancelling an obligation upon which the suit at law was based, depends upon whether or not there appears in the bill special and substantial allegations as a ground for equitable relief. The propositions appearing from the record and argued by counsel may be grouped into three divisions:

First. That Walter Sobosky, the husband of appellant, would be an incompetent witness to testify for appellee in the case at law as to matters and things set up in the bill, but competent in chancery.

Second. That the defense of appellee is an equitable defense and cannot be made at law.

Third. That the certificate upon its face constituted a valid and binding obligation, and the facts necessary to show its invalidity can only be shown in a court of equity and not in a court of law.

There is much space given and many authorities cited in the arguments of both appellant and appellee as to the competency of husband and wife to testify under our statute for or against each other and as to what matters they may testify to and what they may not, depending upon the circumstances and facts in each particular case. We are not disposed to decide the question in advance as to whether or not the husband or wife in this case would be competent to testify or what facts they might testify to, for the reason that the only question properly raised in this case for the court to determine from the averments of the bill is whether or not the competency or incompetency of the husband or wife is any different in a court of chancery from what it would be in a court of law, and upon this question there can be no difference as to the rule in either court. The evidence that would be competent in a court of chancery from either the husband or the wife is competent in a court of law. *Supreme Council Cath. Knights and Ladies of America v. Beggs,* 110 Ill. App. 148.

The second proposition of an equitable defense which cannot be made at law can only be ascertained from a reading of the bill as to what the pleader means in the argument in support of the allegations of his bill. "The rule is, that where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot, for defect of proof or other reason, be

granted, the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice." *Brauer v. Laughlin*, 235 Ill. 272.

The allegations in this bill consist of matters that the pleader says transpired or took place between appellant and Walter Sobosky, her husband, as to the certificate for $7,000 in question, and between Walter Sobosky and appellee, and the appellant and appellee, which if proved as alleged in the bill would not be any special and substantial ground for equitable relief. It does not necessarily follow that because there are allegations of acts of fraud that chancery should take jurisdiction, because under the law fraud avoids a contract *ab initio* both at law and in equity, whether the object be to deceive the public or third person, or one party endeavors thereby to cheat the other, for the law will not sanction dishonest views and practices by enabling an individual to acquire through the medium of his deception any right or interest. *Whitney v. Roberts*, 22 Ill. 381.

Therefore the defense of fraud under proper pleadings could be tried at law as well as in chancery. What has been said with reference to proposition No. 2 might be said as to proposition No. 3, and in addition thereto the controlling question under this proposition, as in proposition No. 1, is not what kind of evidence may be offered in explanation or to vary the terms of this written instrument, but it is whether or not any different rule would apply in chancery than at law. To be entitled to a hearing in a court of chancery upon this proposition some different rule must be shown to apply as to the competency of the evidence than would apply in a suit at law, and from an examination of the authorities we are of the opinion that the same rule as to the admissibility of the evidence would be enforced in a court of equity as at law; that as to the injunction preventing the assignment of this certificate and other parties acquiring rights thereunder as being ground for relief cannot

be sustained because before suit was brought, according to the record, the certificate was past due and suit at law was brought thereon. Any assignment under our statute of this instrument would be notice to the assignee of the equities and defenses, especially would this be true after the bringing of suit at law.

This is a case, from the record, of considerable importance to the parties hereto, and we have examined carefully the record filed to determine whether or not their rights would be in any way affected or abridged by dissolution of this injuction, and after such an examination we fail to find from the averments of the bill of facts any defense proper in this case that could not be made at law. It was therefore error for the court in this case to grant the preliminary injunction from the showing made in the bill, and the injunction should have been refused and the bill dismissed without prejudice, for which error this case will be reversed and remanded.

*Reversed and remanded.*